IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID CREW, SR., *et al.*, <br> *Plaintiffs*, <br><br> v. <br><br> HOME DEPOT U.S.A., INC., <br> *Defendant*. <br><br> v. <br><br> LPC COMMERCIAL SERVICES, INC., *et al.*, <br> *Third-Party Defendants*. | CIVIL ACTION <br> NO. 18-01245 |

**PAPPERT, J.**                                                                                   January 22, 2020

## **MEMORANDUM**

After David Crew slipped and fell outside a Home Depot, he and his wife sued Home Depot U.S.A., Inc. in state court. Home Depot removed the case to federal court and filed a third-party complaint against The Plymouth Marketplace Condominium Association, LPC Commercial Services, Inc. and Plymouth Nursery & Landscape Company. The Crews now move for summary judgment on their claims against Home Depot; the Association, LPC and Plymouth Nursery move for summary judgment on Home Depot's third-party claims. The Court denies all motions.

I

A

Early one morning, David Crew sat in his truck in a Home Depot parking lot waiting for a colleague to buy supplies for the day. *See* (Crew Mot. for Summ. J. Ex. A, at 156:8–157:13, ECF No. 77-1) (Crew Dep.). While waiting, Crew noticed a truck with

a roofing company logo on the side parked around the corner of the store. *See* (*id.* at 202:2–18). Needing the services of a roofer, Crew walked over to take a picture of the roofing company logo for future reference and possible use. *See* (*id.*)

The record obscures or leaves out many key details about what happened next. But it appears that as Crew got out of his truck, he stepped onto the blacktop surface of the parking lot, which was covered by about two inches of snow. *See* (*id.* at 168:14–18, 169:11–24). The same two inches of snow blanketed the concrete walkway surrounding the sides of the Home Depot. *See* (*id.*) On the corner of the walkway there was a roughly nine-foot-wide and six-foot-high mound of snow; this mound also covered portions of the blacktop parking lot. *See* (*id.* at 167:19–20, 168:5–18). Sticking to the walkway, Crew walked between the mound of snow and the Home Depot toward a grassy area with a picnic table. *See* (*id.* at 186:4–13). The path from Crew's truck to the picnic table transitioned from concrete to grass. *See* (Association & LPC Mot. for Summ. J. Ex. F, ECF No. 78-10). And though someone had shoveled this path, an inch or two of snow coated the surface, obscuring where the concrete became grass. *See* (*id.*); (Crew Dep. 201:12–23).

Once he reached the picnic table near the mound of snow, Crew stepped from the concrete or grass path down onto the blacktop of the parking lot to photograph the roofing truck. *See* (*id.* at 205:9–25). After taking the picture, Crew turned around, took a few steps on the blacktop and then stepped back up onto the snow-covered curb near the picnic table. *See* (*id.* at 205:19–206:11). As he stepped onto the top of the curb, Crew slipped and fell. *See* (*id.* at 206:12–207:16).

B

Crew and his wife sued Home Depot for negligence and loss of consortium. *See* (Notice of Removal Ex. A, ¶¶ 12–20, ECF No. 1-5). They allege that Home Depot knew or should have known of the danger posed by the snow outside the store. *See* (*id.* at ¶ 5). By ignoring that danger, they contend, Home Depot created the condition that caused Crew's fall and resulting injuries. *See* (*id.* at ¶¶ 6–8).

In its third-party complaint against the Association, LPC and Plymouth Nursery, Home Depot alleges that its contract with the Association obligated the Association to maintain the "Limited Common Elements," including "the parking areas entranceways, access driveways [and] landscaping," surrounding the store. (Association & LPC Mot. for Summ. J. Ex. C, § 1.3.1M, ECF No. 78-7) (the Declaration). This maintenance duty included promptly removing "snow, ice and surface water." (*Id.* at § 7.1.2.) The Association, however, appointed LPC as the "sole and exclusive management agent" responsible for maintaining the Limited Common Elements. (Association & LPC Mot. for Summ. J. Ex. D, § 1.1, ECF No. 78-8). LPC in turn hired Plymouth Nursery to clear snow and ice from "all parking lots, entrances and exits." (Plymouth Nursery Mot. for Summ. J. Ex. H, at 7, ECF No. 76-9.)

The Third-Party Complaint asserts claims for indemnity and contribution against each third-party defendant. Home Depot alleges that Plymouth Nursery caused Crew's injuries by failing to safely remove the snow from the parking lot and creating the six-foot-high mound of snow near where Crew fell. *See* (Third-Party Compl. ¶ 36, ECF No. 27). Plymouth Nursery is thus allegedly liable for all or part of any judgment entered for Crew against Home Depot. *See* (*id.* at ¶¶ 33–39). According

to Home Depot, LPC and the Association were also negligent for letting Plymouth Nursery improperly remove the snow and pile it on the sidewalk and curb. *See* (*id.*)

Home Depot also asserts two breach-of-contract claims against the Association, first for failing to adequately maintain the Limited Common Elements and neglecting to direct its insurer to defend Home Depot against the Crews' lawsuit. *See* (*id.* at ¶¶ 40–45). Second, Home Depot claims that the Association, contrary to its obligations under the Declaration, never bought "comprehensive general liability insurance." (*Id.* at ¶¶ 46–47.)

II

Summary judgment is proper if the movant proves that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *See Jutrowski v. Township of Riverdale*, 904 F.3d 280, 288 (3d Cir. 2018). A fact is "material" if it may affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine dispute" exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* A mere scintilla of evidence supporting the nonmoving party, however, will not suffice. *See id.* at 252.

At summary judgment, a court may consider any material in the record that would be admissible at trial. *See* Fed. R. Civ. P. 56(c); *Pamintuan v. Nanticoke Memorial Hosp.*, 192 F.3d 378, 387–88 (3d Cir. 1999). In doing so, a court "must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." *Prowel v. Wise Bus. Forms*, 579 F.3d 285, 286 (3d Cir. 2009). But it may not make credibility determinations or weigh the evidence. *See Parkell v. Danberg*, 833 F.3d 313, 323 (3d Cir. 2016).

III

A

The Crews move for summary judgment on their negligence claim against Home Depot.[1]  To prevail on a negligence claim in Pennsylvania, a plaintiff must prove that: (1) the defendant owed him a duty of care; (2) the defendant breached that duty; (3) this breach caused the resulting injury; and (4) he suffered actual damage or loss.  *See Merlini ex rel. Merlini v. Gallitzin Water Auth.*, 980 A.2d 502, 506 (Pa. 2009).  Whether a duty of care exists is a question of law.  *See K.H. ex rel. H.S. v. Kumar*, 122 A.3d 1080, 1094 (Pa. 2015).  But what that standard of care is and whether the defendant breached that standard "are questions of fact to be submitted to the jury," *id.*, as is causation, *see Summers v. Certainteed Corp.*, 997 A.2d 1152, 1163–64 (Pa. 2010).

As plaintiffs' counsel recognized, genuine disputes of material fact preclude entry of summary judgment for the Crews.  *See* (Tr. Summ. J. Hr'g 59:19–60:12, ECF No. 104).  Whether Home Depot had actual or constructive notice of the dangerous snowy condition, for example, is debatable on this record and thus "is a question for the jury." *Dep't of Transp. v. Patton*, 686 A.2d 1302, 1305 (Pa. 1997); *see* (Crew Mot. for Summ. J. 4, ECF No. 77) (offering no record evidence proving that Home Depot had notice). Other material facts—such as whether Home Depot intended for pedestrians to walk on the concrete or grass path leading to where Crew slipped or whether the snow on which Crew slipped was a natural accumulation—are also in dispute.  *See* (Tr. Summ. J. Hr'g 27:5–19, 65:3–7); (Plymouth Nursery Mot. for Summ. J. Ex. G, at 50:4–12, ECF No. 76-8).

---

[1]  Though the Crews style their motion as one for summary judgment on all claims, they never mention the consortium claim.  *See generally* (Crews Mot. for Summ. J., ECF No. 77).

5

B

Plymouth Nursery moves for summary judgment on Home Depot's indemnity and contribution claim. In Pennsylvania, an indemnity claim arises "only when the party seeking indemnity has made a payment on the underlying claim." *McClure v. Deerland Corp.*, 585 A.2d 19, 22 (Pa. Super. Ct. 1991). The same principle applies to contribution claims. *See* 42 Pa. Cons. Stat. Ann. § 8324(b). Because the jury has yet to find Home Depot liable to the Crews, Plymouth Nursery's motion is premature.

In any event, genuine disputes of material fact remain on Home Depot's indemnity and contribution claim. That claim alleges that Plymouth Nursery negligently caused Crew's injuries by failing to safely remove the snow from the parking lot and creating the six-foot-high mound of snow on the sidewalk and curb near where Crew fell. *See* (Third-Party Compl. ¶ 36). The jury, not the Court, needs to determine whether that mound, and hence Plymouth Nursery, caused or contributed to Crew's fall. *See* (Tr. Summ. J. Hr'g 64:8–22); (Association & LPC Mot. for Summ. J. Ex. F, 112:14–21, ECF No. 78-10) (Sheahan Dep.).

Plymouth Nursery's argument to the contrary, relying on *Gilligan v. Villanova University*, 584 A.2d 1005 (Pa. Super. Ct. 1991), is unpersuasive. It claims that, because Crew fell on a curb adjoining a grassy area, it had no legal duty to clear the snow where Crew fell. *See* (Plymouth Nursery Mem. Supp. Mot. for Summ. J. 7–12, ECF No. 76-1). *Gilligan* teaches that there is no duty to clear snow from grassy areas "not intended to be traversed by pedestrians." 584 A.2d at 1008; *accord Staley v. Slicker*, No. 821 WDA 2017, 2018 WL 1615221, at *5 (Pa. Super. Ct. Apr. 4, 2018) (unpublished); *Comer v. Boro Developers, Inc.*, No. CIV.A. 09-00415, 2010 WL 3069664, at *3 (E.D. Pa. Aug. 3, 2010) (unpublished). A reasonable jury could find that Home

6

Depot intended pedestrians to walk down the path where Crew fell.  And the parties dispute whether Crew in fact slipped on a curb next to the grassy area or a concrete pathway.  *Compare* (Crew Dep. 186:11–13), *with* (Plymouth Nursery Mem. Supp. Mot. for Summ. J. 10).  So even on Plymouth Nursery's reading, *Gilligan* is not dispositive.  Unable to prove it lacked a duty and with unresolved questions of material fact, Plymouth Nursery is not entitled to summary judgment.

C

The Association and LPC move for summary judgment on Home Depot's indemnity and contribution claim, as well as the two breach-of-contract claims.  Under the Declaration, the Association had a duty to remove snow and ice from and otherwise maintain the parking lot.  *See* (Declaration § 7.1.2); *Husak v. Berkel, Inc.*, 341 A.2d 174, 179 (Pa. Super. Ct. 1975) (explaining that a party cannot divest itself of liability to another by contracting with a third party to assume the liability).  The parties dispute whether the Association (and its agent LPC) breached that duty by allowing Plymouth Nursery to improperly remove snow from the parking lot and whether that conduct caused or contributed to Mr. Crew's fall.  *See* (Sheahan Dep. 112:14–21); (Tr. Summ. J. Hr'g 64:8–22).  Those disputed facts prevent the Court from granting summary judgment on Home Depot's contribution and common-law indemnity claim.[2]  The same is true for Home Depot's contractual indemnity claim.  LPC and the Association argue that under the Declaration they need not indemnify Home Depot for its own negligence.  *See* (Association & LPC Mem. Supp. Mot. for Summ. J. 11–13, ECF No. 78-1).  Even if

---

[2] Like Plymouth Nursery's motion, this motion is premature as to the indemnity and contribution claim.

that were true, material facts regarding whether Home Depot was negligent—*e.g.*, breach and causation—are in dispute.

These same disputed facts preclude summary judgment on the breach-of-contract claims. The Association allegedly breached the Declaration by (1) inadequately maintaining the Limited Common Elements; (2) not directing its insurer to defend Home Depot against the Crews' lawsuit; and (3) failing to buy general liability insurance with Home Depot as a named insured. *See* (Third-Party Compl. ¶¶ 40–47). As discussed, the parties dispute whether the Association inadequately maintained the Limited Common Elements. Though the Association admits that it neither maintained the required liability insurance nor directed its insurer to defend Home Depot, *see* (Tr. Summ. J. Hr'g 45:2–7), it argues that those contractual obligations do not apply to liability stemming from Home Depot's own negligence, *see* (Association & LPC Mem. Supp. Mot. for Summ. J. 14–16). But again, whether Home Depot was negligent remains very much in dispute.

An appropriate order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.